There cannot be a doubt that the death of the county clerk elect, on the 26th of March, 1855, created a vacancy in the office of county clerk in the county of Queens; and, unless such vacancy had been in some manner supplied, and the office filled before the subsequent appointment on the twenty-ninth of the same month, such appointment must have been valid, and the office filled by *Page 58 
it, until the succeeding election. The act of 1830 (1 R.S.,
124, § 51) expressly confers the power upon the governor to make such appointment in case of a vacancy created by the death of the incumbent. The act of 1830 was amendatory of the Revised Statutes, which originally conferred the power upon the governor to fill vacancies in the same offices by appointment, except in cases where they arose from the death of the incumbent. The statute also provides, that whenever the office of any county clerk shall become vacant, his deputy shall perform all the duties, and be entitled to all the emoluments, and be subject to all the penalties appertaining to the office of the clerk of the county, until a new clerk shall be elected or appointed for such county and duly sworn. (1 R.S., 377, § 59.) Originally the deputy, in the case of a vacancy, was to perform the duties until a new clerk should be elected; but the legislature of 1830, which authorized the governor to fill a vacancy by appointment which had been created by the death of the incumbent, also amended § 59, above referred to, so as to limit the time the deputy was to perform the duties of the office in such case to the time when the office should be filled by appointment. (Sess. Laws of
1830, ch. 320, § 4.) This stood so at the time of the adoption of the constitution of 1846. The constitution of 1846 neither changed the term of office of a county clerk or the mode of election; nor did it abrogate the statute conferring the power of appointment upon the governor in the case of a vacancy created by death. The adoption of a new or amended constitution does not, I apprehend, abrogate statute laws in force at the time of its adoption, which are not in conflict with any of the provisions of such new or amended constitution. The constitution of 1846 (Art. 10, § 5) expressly authorizes and requires the legislature to provide by law for filling vacancies in office, and limits the term of holding by an incumbent appointed. The limitation of the time for holding is in exact accordance with the provisions of the Revised Statutes *Page 59 
in the case of an appointee to the office in question. The effect of this provision of the constitution, doubtless, was to confer upon the legislature the power to provide for filling vacancies in a different manner from the existing method in case it should be deemed proper. But the legislature at its session in 1849 (Sess. Laws of 1849, ch. 28) adopted the same mode, and provided that all vacancies in any office of this state, "where no provision is now made by law for filling the same," should be filled by the appointment of the governor. Thus it will be seen that the legislature made no change in regard to the mode of filling vacancies, but left the statutes prescribing how they should be filled, as far as they made provision, to remain in force. It is denied, however, that the office in question was vacant at the time of the appointment in question, and this denial is based upon the fact that the statute appointed the deputy to perform all the duties of the clerk. It is to be observed, however, that by statute his right to perform such duties, and to receive the emoluments, does not attach, unless a vacancy happens, and continues only until such vacancy is supplied by election or appointment. The statute does not constitute the deputy a county clerk, or confer upon him the office. It only authorizes him to perform the duties pertaining to the office while the vacancy continues. He is in the interim deputy clerk, with enlarged powers and reponsibilities, but he does not fill the office. This is, I think, exceedingly clear.
The judgment of the supreme court should therefore be reversed, and a new trial ordered.
Judgment accordingly. *Page 60